DAVID LESLIE CHERESKIN

V.

YUNUS TURKOGLU

Record No. 850498

June 10, 1988

Present: All the Justices

*M. Wayne Ringer (Williams, Worrell, Kelly & Greer, P.C.,* on brief), for appellant.

*John H. Klein (Jeffrey A. Breit; Breit, Rutter & Montagna,* on brief), for appellee.

PER CURIAM.

Yunus Turkoglu, a merchant seaman and native of Turkey, sued David Leslie Chereskin, a Norfolk police officer, for injuries

sustained when Chereskin's police car struck Turkoglu and broke his left leg. A jury returned a verdict of $60,000, on which judgment was entered.

The evidence, viewed in the light most favorable to the plaintiff, establishes that plaintiff went to a restaurant in Norfolk at 8:30 p.m. on April 11, 1982, where he consumed two beers in a two-hour period. As he and a shipmate were leaving, they encountered, in front of the restaurant, one of their fellow Turkish seamen engaged in an argument with a stranger. Plaintiff attempted to break up the argument, but was unsuccessful. Plaintiff and his companion then decided to get away from the disturbance. They walked into an empty, well-lit parking lot on their way to a taxicab stand seeking a ride back to their ship. While the two men were walking across the parking lot, Chereskin entered the parking lot in his police car, which was moving "fast." He drove up behind the two men and struck plaintiff on the left leg.

On appeal, Chereskin advances several arguments in support of his contention that the judgment should be reversed. With regard to his liability, he submits that plaintiff failed to prove primary negligence; that the trial court failed to grant instructions concerning plaintiff's contributory negligence; that the trial court failed to grant an instruction concerning intervening cause; and that the trial court permitted plaintiff's counsel to make an improper argument to the jury concerning the standard of care owed by the defendant. Chereskin also advances arguments concerning the issue of damages.

We need not address all Chereskin's arguments in order to properly dispose of this appeal. Because we conclude that Chereskin was plainly entitled to an intervening cause instruction, we will reverse the judgment of the trial court on that ground.

Chereskin testified that the collision occurred because one of Turkoglu's companions picked up Turkoglu and threw him in front of the police car. According to Chereskin, he was on patrol when he observed a group of men leave a restaurant and start pushing and shoving each other. Three of the men walked into a parking lot and appeared to continue their argument. Chereskin watched the men for three or four minutes; the argument continued. Chereskin then drove into the parking lot at four to five miles per hour, while "riding" the brake. Chereskin testified that as he neared the group, one of the men looked over his shoulder and observed the police car. That same man then grabbed Turkoglu

and swung him around in front of the car just as the car was stopping. Chereskin testified further that if Turkoglu had not been thrown in front of the car, there would not have been any contact between Turkoglu and the car.

In light of the foregoing evidence, Chereskin proffered the following instruction, which the trial court refused:

> If you believe from a preponderance of the evidence that the defendant David Chereskin was negligent and that such negligence created a situation of potential danger but that an individual accompanying the plaintiff at the time of the accident became aware, or by the exercise of ordinary care should have been aware of the existence of such situation of potential danger, and that thereafter this person, by an independent intervening act of negligence brought about the accident, and that the defendant in the exercise of ordinary care could not reasonably have foreseen such intervening negligence of this person, then the situation of danger created by the defendant's negligence became merely a circumstance of the accident but not a proximate cause thereof, and you shall return your verdict in favor of the defendant.

■ This instruction is based on Chereskin's testimony and sets forth his theory of the case. Although inartfully drafted, it embodies a correct principle of law. *See Banks* v. *City of Richmond*, 232 Va. 130, 136, 348 S.E.2d 280, 283 (1986); *Coleman* v. *Blankenship*, 221 Va. 124, 131, 267 S.E.2d 143, 147 (1980); *Huffman* v. *Sorenson*, 194 Va. 932, 939, 76 S.E.2d 183, 187 (1953). We hold that it was error not to grant this instruction, and we do not agree with the plaintiff's contention that it was covered by other instructions.

■ Although the foregoing discussion requires a reversal, we will address one other issue that may re-emerge on a retrial of this case. That issue concerns defendant's claim that he was entitled to instructions regarding plaintiff's contributory negligence. In light of Chereskin's testimony in this record, it is plain that he is not entitled to any contributory negligence instructions. This is so because as is shown above, Chereskin contends that Turkoglu was thrown in front of the car by a third person. This means that by Chereskin's own testimony, plaintiff's conduct had nothing whatever to do with his being struck by the car.

For all the foregoing reasons, the judgment of the trial court will be reversed and the case remanded for a new trial consistent with this opinion.

*Reversed and remanded.*